UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISADORE LAMARR HALL,

        Petitioner,

                                  Case No. 1:05-cv-142

v.

                                  Hon. Wendell A. Miles

KENNETH MCKEE,

        Respondent.

_____/

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

This matter is before the court on Petitioner Isadore Lamarr Hall's Objections to United States Magistrate Judge Hugh W. Brenneman, Jr.'s Report and Recommendation (R&R) dated January 10, 2008 recommending that Petitioner's petition for writ of habeas corpus be denied. Petitioner has filed objections to the R&R. For the reasons that follow, the court overrules Petitioner's objections and adopts the Magistrate Judge's report and recommendation.

This court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the magistrate judge's findings or recommendations. Id.

Petitioner's prosecution arose from an investigation conducted by the Macomb County Drug Enforcement Task Force (COMET) into cocaine trafficking between Wayne and Macomb County. An informant told the police about a large scale cocaine dealer known as Puff who was operating at 5969 Cadillac Street in Detroit. The informant entered the Cadillac Street residence with $800 in marked bills, and left with an ounce of cocaine. Police kept the house under

surveillance and arranged for additional controlled buys.  Petitioner was eventually arrested. Police searched the house and found 800 grams of cocaine.  Petitioner was charged with possession with intent to deliver 650 grams or more of cocaine, resisting and obstructing a police officer, and conspiracy to deliver 50 to 224 grams of cocaine.  He was convicted of the cocaine possession and resisting and obstructing charges, but found not guilty of the conspiracy charge.

This court may grant a petition for writ of habeas corpus only if the petitioner's claims were presented to the state courts and the decision of the state court was (1) contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or (2) was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The court must analyze Petitioner's objections under this standard.  28 U.S.C. § 2254(d)(1),(2).  An error by the state court is not sufficient.  Its application of federal law must be "objectively unreasonable." Wiggins v. Smith, 539 U.S. 510 (2003).

I.   Confrontation Clause - admission of hearsay

Petitioner does not object to the Magistrate Judge's finding that any error that occurred by admitting the hearsay statement of Tamika Burnett was harmless.  He argues that he also raised confrontation clause issues as to statements by confidential informants who did not testify at trial, and which were not addressed in the R & R. The Michigan Court of Appeals noted that the trial court sustained defense counsel's objection on hearsay to this testimony.  The trial court permitted the witness to testify that he dialed a certain number and heard a conversation involving a "deep voiced male speaking on the other end."  The Court of Appeals concluded this testimony was not hearsay.

State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry as to whether evidence was properly admitted or improperly excluded under state law 'is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Id.* at 67-68.  This approach accords the state courts wide latitude in ruling on evidentiary matters. *Seymour*, 224 F.3d at 552 (6th Cir. 2000).  Habeas corpus relief is available only if a petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts. *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000).  Petitioner has not met this burden.

Under Michigan's rules of evidence, hearsay is a statement, other than one made by the declarant while testifying at the trial or a hearing, offered into evidence to prove the truth of the matter asserted.  MCR 801(c).  The testimony Petitioner challenged in state court is merely an account of what the witness did and observed, and therefore, does not amount to hearsay. Neither Michigan's hearsay rule, nor the state court's application in this case conflicts clearly established federal law as determined by the Supreme Court of the United States.

II.  Consecutive Sentences

The trial court imposed three terms of imprisonment to be served consecutively.  The Magistrate Judge concluded that Petitioner's claim that the consecutive terms violated MICH. COMP. LAWS § 333.7401(3), was not cognizable on habeas review; and further, if Petitioner was claiming that the consecutive sentences violated the Eighth Amendment as cruel and unusual punishment, the claim had no merit.  Petitioner argues that he actually raised a due process claim, because under MICH. COMP. LAWS § 750.479, resisting and obstructing is a misdemeanor and therefore, the sentences should have been concurrent.

It is well established that "federal habeas corpus relief does not lie for errors of state law."  Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  An alleged error of state law "could, potentially, 'be sufficiently egregious to amount to a denial of . . . due process of law guaranteed by the Fourteenth Amendment."  Bowling v. Parker, 344 F.3d 487, 521 (6th Cir. 2003) (quoting Pulley v. Harris, 465 U.S. 37, 41 (1984).  However, that is not the situation in this case.  At the time Petitioner was sentenced on his resisting and obstruction conviction under MICH. COMP. LAWS § 750.479b, the crime was a two year misdemeanor punishable by a term of imprisonment of not more than two years.  Under MICH. COMP. LAWS §  333.7401(3), a term of imprisonment for a crime under MICH. COMP. LAWS § 333.7401 could be imposed to run consecutively with any term of imprisonment for another felony.  Although resisting and obstruction was a misdemeanor, under Michigan law misdemeanors punishable by up to two years' imprisonment are treated as felonies for purposes of imposing consecutive sentences MICH. COMP. LAWS § 333.7401(3).  People v. Daniel, 523 N.W.2d 830 (1994); People v. Cousins, 493 N.W.2d 512 (1992).  Accordingly, because the state court properly imposed consecutive sentences on

Petitioner, there was no "sufficiently egregious" error of state law that might amount to a due process violation.

### III.   Prosecutorial Misconduct

Petitioner claimed that the prosecutor improperly introduced as evidence or improperly argued the following: (a) testimony that police undercover work was dangerous (Tr. II, 10); (b) descriptions of police officers (Tr. II, 11); (c) descriptions of the conspiracy by "Puff"; (d) arguments concerning the different addresses used by Petitioner and different names on his Michigan Identification Card; (e) statements that the defense attorney attempted to confuse the jury; (f) discussions of exhibits that had been ordered withdrawn; (g) descriptions of COMET; (h) hearsay testimony about Puff; (i) stressing the number of officers that executed the search warrant; (j) disclosing the officers' belief that the person in the Cadillac automobile sold cocaine based upon an informant's statement; (k) disclosing that they telephoned Puff to ensure he would be present at the house; (l) discussing telephone calls to Puff; and (m) disclosing Petitioner's real name of Charles Hall based upon fingerprints in the fingerprint identification system.  The Magistrate Judge thoroughly discussed each claim and concluded that if there were inappropriate remarks, they did not meet the test of having a "substantial and injurious effect or influence in determining the jury's verdict," Brecht v. Abrahamson, 507 U.S. 619, 523 (1993), which is the standard for determining a prosecutorial misconduct claim.  Petitioner contends that each of the alleged improprieties pertained to information that was irrelevant and was merely designed to prejudice him in front of the jury.

Petitioner fails to explain how the prosecutor's comments violated his due process rights "within the context of the trial as a whole." United States v. Beverly, 369 F.3d 516, 543-44 (6th

Cir. 2004) (examining the context surrounding allegations of prosecutorial misconduct in rejecting the defendant's claims). Some of the challenged statements pertain to Petitioner's hearsay argument and have been discussed in section I, and found appropriate. The majority of the statements merely explained to the jury COMET procedures and the nature of undercover operations, serving as the backdrop to the testimony of the law enforcement officers. This information would not prejudice a defendant. Other comments pertained to Petitioner's conduct preceding his arrest, and likewise explain the officers' course of action. The prosecutor's statements with regard to the withdrawn exhibits, even if improper, were cured by the court's instruction to the jury to disregard any references to those exhibits. Petitioner has not shown how any of the prosecutor's remarks negatively effected the jury's determination of guilt.

    IV.   <u>Sufficiency of Evidence - Conspiracy</u>

Petitioner claimed that there was insufficient evidence to convict him of the conspiracy charge. The Magistrate Judge found that this claim could not constitute a basis for habeas relief because Petitioner was acquitted of this charge. Petitioner argues that the conspiracy charge confused the jury by introducing evidence that could not have been proven. He offers no support for this argument. However, it is clear that the conspiracy charge did not confuse the jury. The jury was able to differentiate between that evidence that supported a guilty verdict on the possession charge, and the evidence that did not prove beyond a reasonable doubt that Petitioner was guilty of the conspiracy charge.

    V.   <u>Miscellaneous Rulings in Violation of Due Process</u>

<u>Venue</u>

Petitioner first claims that venue in Macomb County was improper. The Michigan Court

of Appeals found that when two customers who purchased cocaine from Petitioner in Wayne County, transported the cocaine to Macomb County, this was a sufficient connection with Petitioner's drug trafficking activities to support proper venue in Macomb County.  The Magistrate Judge concluded that venue is a matter of state law.  Because United States Supreme Court precedent does not require that a state court prosecute any crime in a particular county, this claim is not reviewable in a federal habeas proceeding.  Petitioner argues that because there was no admissible evidence that cocaine was transported from Detroit to Macomb County, that any connection between Petitioner and Macomb County was based upon inadmissable heresay evidence from informants.  Without this evidence, there was no connection to Macomb County.

The Magistrate Judge's analysis of this issue is correct.  A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a).  It is well established that the federal court cannot issue a writ of habeas corpus on the basis of "a perceived error of state law."  Pulley v. Harris, 465 U.S. 37, 41 (1984); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal court to reexamine state-law questions"); Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus").  Proper venue for criminal cases is a matter of state law.  Petitioner's argument and the cases he has cited in support pertain to a court's jurisdiction, which is a different matter than venue; however, proper venue is not a prerequisite to jurisdiction.  See  Williams v. United States, 582 F.2d 1039, 1041 (6th Cir. 1978) (finding that venue is a privilege granted to the accused rather than a jurisdictional prerequisite, a conclusion that is consistent with the overwhelming case law that

venue may be waived). The Constitution does not require that a state prosecute any crime in a certain venue. Although there was evidence that cocaine sold in Detroit was transported to Macomb County, even assuming Macomb County was not the proper venue, it would be an error of state rather than Constitutional law.

Suppression of Petitioner's Admissions

Petitioner next contends that the trial court erred by denying his motion to suppress certain statements he made to Detectives Taylor and Johnson. He argues that his statements were not made voluntarily because the officers threatened him by mentioning that he faced a penalty of life imprisonment. The trial court held a suppression hearing and found that Petitioner had knowingly and voluntarily waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966). The Michigan Court of Appeals concluded that the officers' statement was not a threat, but a statement of fact.

Under Supreme Court law, "certain interrogation techniques, either in isolation or as applied to the unique characteristics of a particular suspect, are so offensive to a civilized system of justice that they must be condemned under the Due Process Clause of the Fourteenth Amendment." McCalvin v. Yukins, 444 F.3d 713, 719 (6th Cir. 2006), citing Miller v. Fenton, 474 U.S. 104, 109 (1985). The test is whether the petitioner's will was overborne at the time he made his statements. Id. (finding the petitioner's confession voluntary even though officers advised her that if convicted she would have no contact with her children, where she was old enough to understand her rights, not ill or injured or under the influence of alcohol or drugs when she made her statements, was offered food and drink, and appeared unemotional during the interrogation). Factors the court must consider include the age, education and intelligence of the

defendant; whether the defendant has been informed of his Miranda rights, the length of questioning, the prolonged nature of the questioning, and the use of physical punishment.  Id., citing Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).  There is no evidence that the factors that may be indicative of an involuntary statement were present in this case.  The officers' statement that Petitioner faced life in prison does not amount to intimidation or coercion that would reasonably overcome a person's free will.

## Conclusion

After reviewing the relevant parts of the record and the Magistrate Judge's R & R, the court finds that the state court's decision on each of the issues was not contrary to clearly established federal law as determined by the Supreme Court of the United States, or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The court finds that the Magistrate Judge's findings, conclusions and recommendations are correct.  Accordingly, the court OVERRULES the Plaintiff's objections (docket # 57), ADOPTS the magistrate judge's report and recommendation (docket #49), and DENIES the petition for writ of habeas corpus (docket #1).

So ordered this 14th day of March, 2008.

      /s/ Wendell A. Miles
      Wendell A. Miles
      Senior U.S. District Judge