UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISADORE LAMARR HALL,

          Petitioner,

                                        Case No. 1:05-cv-142

v.

                                        Hon. Wendell A. Miles

KENNETH MCKEE,

          Respondent.

_____/

OPINION AND ORDER

      Presently before the court is Petitioner's Motion for Relief From Order (docket #62) brought pursuant to Federal Rule of Civil Procedure 60(b), Motion for Certificate of Appealability (docket #61), and Motion to Waive Fees (docket #64). Petitioner asks the court to reconsider its order entered March 14, 2008 adopting the Magistrate Judge's Report and Recommendation, and denying Petitioner's petition for writ of habeas corpus.

      Petitioner's prosecution arose from an investigation conducted by the Macomb County Drug Enforcement Task Force (COMET) into cocaine trafficking between Wayne and Macomb County. Police were informed that a person known as "Puff" was involved in drug trafficking from a house located on Cadillac Street in Detroit, which is in Wayne County. The informant later arranged to purchase cocaine from Petitioner at the request of Mr. Hagerman and Mr. Weaver, known Macomb County drug dealers. On the day of the arranged buy, police kept all parties and the Cadillac Street house under surveillance. After the buy had been made, Hagerman and Weaver drove to Macomb County, where they were apprehended with cocaine in their possession. Petitioner was later arrested in Detroit, and charged and tried in Macomb

County.

## Hearsay

Petitioner claims that evidence used against him at trial was hearsay, which violated his Sixth Amendment right to confront the witnesses against him. Petitioner did not object to the Magistrate Judge's finding that any error that occurred by admitting the hearsay statement of Tamika Burnett was harmless, and therefore, he may not raise it now. He also argues that statements made by Hagerman and Weaver, the two Macomb County drug dealers, were hearsay and should not have been admitted. However, in his petition for writ of habeas corpus, Petitioner raised hearsay issues with regard only to Ms. Burnett and the confidential informant, which were the same issues he raised on direct appeal in the state court. Accordingly, claims pertaining to Hagerman and Weaver are not before the court.[1]

## Venue

Petitioner argued that Macomb County was not the proper venue to try his case and, therefore, the Macomb County court lacked jurisdiction over the matter, which makes his conviction void. In the present motion, he reiterates this argument. The Michigan Court of Appeals considered that due process "requires that trial of criminal prosecutions should be by a jury of the county or city where the offense was committed, except as otherwise provided by the Legislature." People v. Hall, 2004 WL 95194 *6 (Mich. App. Jan. 20, 2004). Under Michigan law, whenever a felony consists of, or is the culmination of 2 or more acts done in the

---

[1] Petitioner stated his claim for relief as follows:
Whether Petitioner's Constitutional right to a fair trial and his constitutional right to confront his accusers were violated when the trial court allowed into evidence the CI's statements that the Petitioner was Puff, the details of the alleged buy, and statements of a resident of the home involved, all of which were hearsay used as substantive evidence to support Petitioner's guilt for the crimes charged, thus, violative of his Fifth, Sixth and Fourteenth Amendments Constitutional rights.

perpetration thereof, said felony may be prosecuted in any county in which any 1 of said acts was committed. MICH. COMP. LAWS §762.8. This provision is concerned with "acts," and not with elements of the felony. People v. Jones, 406 NW2d 843, 844, 59 Mich. App. 758, 761 (1987). "[T]he place of commission of an act is not limited to the place of the defendant's physical presence. An act that has effects elsewhere that [is] essential to the offense is, in effect, committed in the place where the act has its effects." People v. Fischer, 559 NW2d 318, 327, 220 Mich. App. 133, 145 (1996).

The Michigan Court of Appeals agreed that the majority of the cocaine was seized and Petitioner's arrest both occurred in Wayne County, rather than Macomb County. The Court of Appeals considered that a confidential informant assisted two individuals, understood to be Macomb County drug traffickers, in purchasing a large amount of cocaine from Petitioner's Wayne County place of operation. The individuals transported the cocaine into Macomb County where they were apprehended. Applying Michigan law, the Court found there was a sufficient enough nexus between Petitioner's drug trafficking and Macomb County to make venue in Macomb County proper.

This court found that Petitioner's venue claim was a matter of state law, and that federal courts cannot issue a writ of habeas corpus on the basis of "a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984). Federal courts may grant an application for a writ of habeas corpus only if a state court's decision is contrary to clearly established federal law, unreasonably applies clearly established federal law, or is based upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254; Howard v. Bouchard, 405 F.3d 459, 467 (6th Cir. 2005). The Constitution requires that "Trial of all Crimes

. . . shall be held in the State where the Crimes shall have been committed." Article III, § 2, cl.3. This Constitutional right to be tried in the State where the crime was committed was clearly not violated. The Sixth Amendment guarantees an accused "the right to a . . . jury of the . . . district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. amend. VI; see United States v. Cabrales, 542 U.S. 1, 6 (1998). "Technically, the Sixth Amendment addresses only 'vicinage' (the place from which jurors are to be selected) rather than venue." United States v. Wood, 364 F.3d 704, 721 n.2 (6th Cir. 2004). When the Sixth Amendment was adopted, it applied, as did the rest of the Bill of Rights, only to the federal government and, therefore, only to federal prosecutions. The Fourteenth Amendment Due Process Clause extended some, but not all, of the rights guaranteed by the Bill of Rights. See Duncan v. Louisiana, 391 U.S. 145, 147-48 (1968). The United States Supreme Court has never held that the Fourteenth Amendment extended the Sixth Amendment vicinage clause to the states. The Sixth Circuit has determined that "districts," as used in the Sixth Amendment, refers only to federal judicial districts and has never been defined to apply to the states. See Caudill v. Scott, 857 F.2d 344 (6th Cir.1988); accord Stevenson v. Lewis, 384 F.3d 1069, 1070 (9th Cir. 2004); Cooke v. Morrill, 783 F.2d 593, 594-96 (5th Cir. 1986); Zicarelli v. Dietz, 633 F.2d 312, 320-26 (3d Cir. 1980). Accordingly, Petitioner had no federal Constitutional right to be tried in Wayne County, and the Michigan State Court's decision was not contrary to, nor an unreasonable application of, clearly-established federal law.[2]

---

[2]The court notes that the determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. Strunk v. Martin, 27 Fed. App'x 473, 475 (6th Cir. 2001), citing Wright v. Angelone, 151 F.3d 151, 157-58 (4th Cir.1998); Rhode v. Olk-Long, 84 F.3d 284, 287 (8th Cir.1996); Egeler, 532 F.2d

Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. A petitioner satisfies this standard by demonstrating that reasonable jurists could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues raised are adequate to deserve further review. Banks v. Dretke, 540 U.S. 668, 705 (2004). The court has carefully reviewed all of Petitioner's claims, and concludes that he has not met the standard for a certificate of appealability. Therefore, the court denies the motion for certificate of appealability.

Waiver of Fees

Sixth Circuit Internal Operating Procedure 5.1 provides that a $450.00 docketing fee and a $5.00 filing fee must be paid to the district court when a notice of appeal is filed. Petitioner was permitted to proceed before this court in forma pauperis. Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, he may continue that status on appeal unless the court certifies that his appeal is not taken in good faith or the party is not otherwise entitled to proceed as a pauper. Good faith is judged objectively and an appeal is taken in good faith when it seeks review of an issue that is not frivolous. Coppedge v. United States, 369 U.S. 438, 445 (1961).

---

at 1059 (6th Cir.1976).

Although detailed reasons for dismissal of the petition were provided in the report and recommendation (docket #49), and the court's opinion dismissing the petition (docket #59), the court does not find that the issues on which Petitioner might seek review are frivolous.  After reviewing the financial documents submitted by Petitioner, the court finds that he is otherwise entitled to proceed as a pauper.  The court, therefore, grants Petitioner's request to proceed as a pauper on appeal.

<u>Conclusion</u>

For the foregoing reasons, the court DENIES Petitioner's Motion for Relief from Order (docket #62), DENIES the Motion for Certificate of Appealability (docket #61), and GRANTS the Motion to Waive Fees (docket #64).

So ordered this 21st day of April, 2008.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge